IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN DAKOTA JUSTICE                                                                              PLAINTIFF

v.                                          Civil No. 2:24-CV-02047-PKH-MEF

EMILY HANUSKA, Johnson County Detention Center ("JCDC");
ELIZABETH WOOLSEY, JCDC;
LIEUTENANT SAMANTHA SMITH, JCDC; and
JAIL ADMINISTRATOR JERMEY BENNETT, JCDC                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jonathan Dakota Justice, a prisoner, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff proceeds *pro se* and has requested *in forma pauperis* ("IFP") status. (ECF No. 2). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation. This matter is currently before the Court on Plaintiff's failure to prosecute this case.

### I.   BACKGROUND

On April 12, 2024, Plaintiff filed the above-captioned civil complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff did not pay the filing fee. Instead, he filed a motion requesting to proceed IFP, but Plaintiff's IFP application was deficient because it did not include a certified copy of his prison trust found account statement (or the institutional equivalent) as required by law, *see* 28 U.S.C. § 1915(a)(2). (ECF No. 2). Considering this deficiency, that same day, this Court ordered Plaintiff to either submit a complete IFP application, including the required form, or pay the full filing fee of $405 by May 1, 2024, failing which this action would be subject to dismissal for failure to obey an order of the Court. (ECF No. 3). The Order also

1

directed Plaintiff to inform the Court of any change of address within thirty (30) days of any such change, failing which this matter would be subject to dismissal for failure to prosecute.  *Id.*

On May 2, 2024, this Order was returned as undeliverable, "no longer here," with no forwarding address.  (ECF No. 5).  Since then, more than 30 days have passed, and Plaintiff has failed to provide the Court with his current contact information.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

## III.  ANALYSIS

Here, Plaintiff's mail has been returned as undeliverable.  More than 30 days have elapsed since the Court received Plaintiff's returned mail, and Plaintiff has failed to update the Court with

his current contact information. Plaintiff, therefore, has failed to prosecute this action, and this case is subject to dismissal. Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court recommends that Plaintiff's Complaint, (ECF No. 1), be dismissed without prejudice.

## IV.     CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Amended Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 7th day of June 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE